IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-2073-WDM-PAC

ROBERTA PULSE,
TONYA HOUSE,

    Plaintiffs,

v.

THE LARRY H. MILLER GROUP,

    Defendant.

---

### ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Patricia A. Coan, issued June 20, 2005, that the motion to dismiss or for summary judgment filed by The Larry H. Miller Group (LHM Group) and Larry H. Miller Corporation – Denver (LHM Corp.)[1] be denied, that the motion to file an amended complaint filed by plaintiffs Roberta Pulse and Tonya House (collectively, "Plaintiffs") be denied, and that Plaintiff's motion to strike be denied. Defendants filed an objection, which they later amended, within the time allowed by court order. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record, including the

---

[1] As discussed below and in the Recommendation, there is dispute as to the status of Larry H. Miller Corporation – Denver as a defendant. The defendant has greatly complicated this issue by filing some motions listing both LHM Group and LHM Corp. in the caption and referring to "defendants" in the plural.

parties' written arguments on the pending motions, the recommendation, the amended objection, and Plaintiffs' response thereto. For the reasons that follow, I conclude the recommendation should be accepted in part.

I first address the status of LHM Corp. In June 2004, Plaintiffs were granted leave to join LHM Corp. as a defendant in this lawsuit. They did not, however, file an amended complaint asserting claims against LHM Corp., nor did they serve the corporation with a summons or a copy of any amended pleading. Rather, they simply added LHM Corp. to the case caption as a defendant.

LHM Corp. moved to dismiss arguing, *inter alia*, that this Court lacks personal jurisdiction over it because it was never served with process and did not waive service. The recommendation agreed that there was no service on LHM Corp. but ultimately concluded that the entity had waived the issue of personal jurisdiction by participating in discovery prior to filing the motion to dismiss. The cases cited in the recommendation on the issue of waiver, however, all concern defendants who were served with a summons and complaint.

The Supreme Court has distinguished between the due process requirement of personal jurisdiction and the procedural step of service required before a court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). After recognizing that the requirement of personal jurisdiction is a matter of Due Process and not Article III authority, the Court referred to service of summons as another "prerequisite[] to a federal court's exercise

of personal jurisdiction." *Id.* The Court stated:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."

*Id.* (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

I interpret this case as establishing service of summons as the threshold issue for personal jurisdiction: the act which empowers the trial court to exercise jurisdiction over the defendant or to consider whether that exercise would comport with due process. Only when a defendant has been summoned to appear before a court may that court consider whether it is fair to require the defendant to litigate particular claims in that particular forum or whether the defendant has waived such a defense.

Because Plaintiffs did not serve LHM Corp. with summons and an amended pleading, this court is not authorized to assert jurisdiction over LHM Corp. Without such threshold authority, I conclude that I may not reach the issue of whether LHM Corp. has waived the due process portion of the issue of personal jurisdiction.

The motion to dismiss LHM Corp. for lack of personal jurisdiction will be granted.

LHM Group moved to dismiss Plaintiffs' claims or for summary judgment on the ground that it is not a legally recognized entity in Colorado and therefore is not subject to suit here. Fed. R. Civ. P. 17(b) provides that the capacity of a non-corporate

3

entity to sue or be sued is determined by state law *except* that such an entity may sue or be sued "for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States." LHM Group's reliance on *Hidden Lake Development Co. v. District Court*, 515 P.2d 632 (Colo. 1973), is not persuasive, as that case relied on prior versions of Colo. R. Civ. P. 17 and involved issues of state, not federal law. Under both the federal and Colorado versions of Rule 17(b), LHM Group has the capacity to be sued in this case.[2]

LHM Group also challenges Plaintiffs' standing to sue it, arguing it was not their employer and thus neither caused the alleged injury nor is able to redress it. *See, e.g., Utah v. Babbitt*, 137 F.3d 1193, 1202 (10th Cir. 1998) (setting forth elements of standing). The Recommendation did not expressly address the standing issue, but it found issues of fact regarding whether LHM Group exists as an entity and employed Plaintiffs. In its objection to the Recommendation, LHM Group contends that the recommendation incorrectly applied a summary judgment standard of review to these issues. It asserts I must resolve any factual disputes to decide the issue of standing as a matter of law.

*Utah v. Babbitt* directs that the court address standing in the context of the relevant stage of litigation, *i.e.*, under the general standards for motions to dismiss or

---

[2] Colo. R. Civ. P. 17(b) provides: "A partnership or other unincorporated association may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right."

motions for summary judgment or at trial. *Id.* at 1204-05. Plaintiffs have set forth by evidence specific facts concerning LHM Group's role as their employer. The recommendation correctly recognized that, at the summary judgment stage, I must take these as true. *Id.* at 1205.

I agree with the recommendation that summary judgment is not proper for LHM Group.

I accept the recommendation that Plaintiffs' motion to strike be denied and that their motion to amend the complaint be denied.

Although not part of the recommendation, I have reviewed the motion for sanctions filed by LHM Group and LHM Corp. Given my resolution of the motion to dismiss and for summary judgment, I will deny the request for sanctions.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Coan, issued June 20, 2005, is accepted in part as discussed above.

2. The Motion to Dismiss or for Summary Judgment, filed November 1, 2004 (Docket No. 45), is granted in part to reflect that this court lacks personal jurisdiction over Larry Miller Corp. – Denver. The motion is denied with respect to The Larry Miller Group.

3. The Motion to Amend, filed November 23, 2004 (Docket No. 53), is denied.

4. The Motion to Strike, filed February 14, 2005 (Docket No. 82), is denied.

5. The Motion for Sanctions, filed January 19, 2005 (Docket No. 72), is denied.

6. The Motion to Strike filed September 6, 2005 (Docket No. 129), is denied.

7. The parties shall participate in another Pretrial Conference with Magistrate Judge Coan and, at her direction, submit a revised Pretrial Order.

DATED at Denver, Colorado, on September 30, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge