IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-02073-WDM-PAC

ROBERTA PULSE,
TONYA HOUSE,

    Plaintiffs,

v.

THE LARRY H. MILLER GROUP,

    Defendant.

---

## ORDER

---

Miller, J.

    As demonstrated in recent hearings, I am concerned with the logistics of proceeding to trial under the current circumstances of this case. The sole defendant, The Larry H. Miller Group (LHM Group), has recently argued that it does not qualify as an employer under Title VII. Further, plaintiffs have admitted that they were employed by The Larry H. Miller Corporation-Denver (LHM Corp. or Corporation), an entity which was the subject of plaintiffs' May 2004 Motion to Join, but which was never brought into this litigation by the service of a summons and complaint. Although neither party has asked me to reopen issues addressed in Magistrate Judge Coan's recommendation or in my order thereon, I have *sua sponte* considered whether I should revisit issues concerning joining the LHM Corp. as a party.

    In the recommendation, Magistrate Judge Coan decided that the LHM Corp., although it had not been served, had waived any personal jurisdiction defense by

participating in discovery before filing a motion to dismiss for lack of personal jurisdiction. She also concluded that the claims against the LHM Corp. should relate back to the filing of the original complaint. She then found that, in essence, plaintiffs' motion to amend the complaint was unnecessary as to the LHM Corp. because plaintiffs had asserted claims against the Corporation in the January 28, 2005 "Final Pretrial Order." I surmise that Magistrate Judge Coan applied the basic principle that the pretrial order supersedes prior pleadings, *Hernandez v. Alexander*, 671 F.2d 402, 407 (10th Cir. 1982), and thus amending a superseded pleading would be superfluous. She did recommend denying the motion to amend as to other newly named entities, Larry H. Miller Management Co. and Larry H. Miller Group of Companies.

In my order on the recommendation, I held that the lack of service on the LHM Corp. was dispositive of the personal jurisdiction issue and dismissed the Corporation.[1]

---

[1] In my order, I interpreted *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), as establishing service of summons as a threshold issue for personal jurisdiction. This interpretation is supported by the Tenth Circuit's distinction between effectuation of sufficient service and waiver of insufficient service:

> It is important, for understanding the applicability and operation of the controlling law in this diversity action, to distinguish between two easily confused procedural concepts: effectuation of sufficient service and waiver of insufficient service. *Effectuation of service is a precondition to suit*, while waiver of insufficient service is the forfeiture of defense to that service.

*Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) (emphasis added). *See also Quinones v. Pennsylvania General Ins. Co.*, 804 F.2d 1167, 1178 n.7 (10th Cir. 1986) (setting forth a two-part analysis for determining personal jurisdiction: "(1) *has the party been effectively served pursuant to a valid statute or Rule*, and (2) would the exercise of personal jurisdiction pursuant to such service offend due process because of a lack of sufficient minimum contacts with the territorial jurisdiction of the trial court?") (emphasis added); *Bethley v. City of Spencer*, No. 94-6110 (10th Cir. October 19, 1994) (1994 WL 573765) (affirming dismissal of defendant for lack of service; stating that "actual notice of the suit was insufficient to satisfy service of

I accepted the balance of the recommendation, including its analysis of the relation back of any claims against the LHM Corp. and the denial of leave to add other entities. Plaintiffs did not object to the recommendation, did not request clarification of my order regarding their ability to proceed against the LHM Corp. by serving it with or without a new complaint, and did not thereafter make any effort to include the Corporation in this litigation. Instead, they have proceeded solely against the LHM Group on an integrated enterprise theory.

After reviewing the manner of plaintiffs' proceeding in this case, I decline to revisit prior rulings concerning the LHM Corp.

Plaintiffs failed to take action to join the LHM Corp. on numerous occasions. They failed to name the Corporation in the original October 20, 2003 complaint despite some indications in the EEOC proceedings that the LHM Corp. was their employer. After the LHM Group stated in its February 5, 2004 answer that the Corporation was the employer, plaintiffs waited three months before filing a motion on May 21, 2004, to join the Corporation as a defendant. After that motion was granted on June 29, 2004, plaintiffs neither filed an amended complaint nor served the LHM Corp. with a summons and complaint. On November 1, 2004, the LHM Group and the LHM Corp. filed a motion to dismiss or for summary judgment raising lack of service and lack of personal jurisdiction that appears to have spurred plaintiffs to file a motion on November 23, 2004, for leave to amend their complaint months after the deadline for joining parties. Plaintiffs neither objected to the June 20, 2005 recommendation issued by Magistrate

---

process requirements").

Judge Coan that the motion to amend be denied nor sought clarification regarding the status of their claims against the LHM Corp.[2] After I issued my September 30, 2005 order dismissing the LHM Corp. for lack of jurisdiction but otherwise accepting Magistrate Judge Coan's findings that claims against the Corporation could relate back to the original complaint and that the motion to file an amended complaint should be denied, plaintiffs did not question this ruling or seek to proceed against the Corporation by service of summons and a complaint. Indeed, the Second Amended Final Pretrial Order, entered October 24, 2005, does not assert any claims against the LHM Corp. As noted above, plaintiffs have abandoned any direct claims against the LHM Corp. and instead are relying on an integrated enterprise theory.

Were I now to allow plaintiffs to assert claims directly against the LHM Corp. by serving it, plaintiffs would be suing the Corporation years after the statutory deadline for filing their Title VII claims had passed. Although the Magistrate Judge ruled (and I did not reject) that the claims against the Corporation could relate back, plaintiffs still took no action against the LHM Corp. after the entry of my order. Given these circumstances, I conclude plaintiffs have waived any right to proceed directly against the LHM Corp.

In light of the jurisdictional issues raised by the LHM Group but not yet addressed by any order, I questioned counsel at the hearing on December 29, 2005, regarding ordering separate trials, first on the issues of whether the LHM Group, either

---

[2] In reality, even if the first Pretrial Order acted to assert claims against the LHM Corp., as found by Magistrate Judge Coan, plaintiffs never served the Corporation at any juncture.

by itself or as an integrated enterprise, was plaintiffs' employer and had the requisite number of employees for purposes of Title VII liability, and second, if plaintiffs are successful in the first trial, on the merits of plaintiffs' claims.  After further consideration, I conclude this is the best way of proceeding.

Fed. R. Civ. P. 42(b) provides:  "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . . of any separate issue."  In this case, should the first jury determine that the LHM Group, by itself or integrated with other entities, is not plaintiffs' employer within the context of Title VII, a trial on the Title VII claims would not be necessary.[3]  If the jury finds in favor of plaintiffs on the jurisdictional issue, the trial on the merits would focus only on the circumstances of plaintiffs' employment.

Accordingly, I conclude separate trials will be convenient, avoid potential prejudice in determining the employment arrangement, and be an efficient use of judicial resources.  It is therefore ordered that trial will go forward on January 9, 2006, on the issue of whether LHM Group (by itself or as an integrated enterprise) was plaintiffs' employer and had the requisite number of employees for purposes of Title VII.

DATED at Denver, Colorado, on January 4, 2006.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge

---

[3] The only claim that would remain for trial would be plaintiffs' state law defamation claim.  I do not rule at this time whether plaintiffs could otherwise proceed on that claim in this Court.