IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-02073-WDM-PAC

ROBERTA PULSE,
TONYA HOUSE,

    Plaintiff(s),

v.

THE LARRY H. MILLER GROUP,

    Defendant.

_____

**ORDER**
_____

    Before me are plaintiffs' Motion to Strike (Doc. No. 360), defendant's Motion to Amend Pretrial Order (Doc. No. 361) and defendant's Motion to Continue Trial and Reopen Discovery (Doc. No. 382).

    This flurry of pleadings shortly before the second phase of a bifurcated trial is the product of the now third set of attorneys representing the defendant and yet another consequence of the essentially needless and seemingly unending argumentation among counsel concerning who is the proper defendant.

    Amazingly, defendant, on the eve of trial, states that until this point it was so sure it was the wrong party (or even a non-party), that it hadn't disclosed all relevant documents and witnesses.

    Plaintiff, of course, objects, pointing out that discovery and disclosure deadlines had long since passed and claiming that it would be highly prejudicial.  By

happenstance, however, another matter with scheduling priority went to trial and necessitated a continuance. This is now scheduled for trial more than six months away. As a consequence, the parties' motions present significantly different circumstances.

This situation is the consequence of several unwise actions and neither party can escape blame. Certainly the plaintiffs are responsible for failing to name the right party long after being provided the correct information. And now defendant confesses failure of its disclosure responsibilities on the basis of some sort of conviction of absolute correctness of its legal stance. Given the delay caused by the continuance of trial, however, I find further discovery and disclosure will serve the search for truth in this matter.

Amendment of a pretrial order may be allowed to prevent manifest injustice. Fed. R. Civ. P. 16(e). Considering relevant factors, I find that amending the pretrial order does not unduly prejudice the plaintiffs as they can readily cure any lack of disclosure in the next six months. Although I criticize defendant's counsel's lack of prior disclosure, I accept that they were not acting in bad faith. Finally, given the continuance, there is no disruption of the trial process. Accordingly, amendment to the pretrial order should be allowed. *See Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002).

Similarly, further discovery may well lead to relevant evidence and any possible prejudice is avoidable. Although I may question defendant's diligence it is appropriate to permit further discovery since trial is several months away. *See Sil-Flo, Inc. v.*

*SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir. 1990).

Accordingly, it is ordered as follows:

1. Plaintiffs' Motion to Strike (Doc. No. 360) is denied;

2. Defendant's Motion to Amend the Pretrial Order (Doc. No. 361) is granted consistent with this order;

3. Defendant's Motion to Continue Trial and Reopen Discovery (Doc. No. 382) is granted consistent with this order;

4. This matter is specially referred to Magistrate Judge Patricia A. Coan to establish appropriate rules for further limited discovery and pretrial proceedings, including an updated pretrial order; and

5. Motion for extension of time (Docket No. 364) is granted.

DATED at Denver, Colorado, on July 5, 2006

BY THE COURT:

s/ Walker D. Miller
United States District Judge