IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-2073-WDM-KLM

ROBERTA PULSE,
TONYA HOUSE,

    Plaintiffs,

v.

THE LARRY H. MILLER GROUP,

    Defendant.

---

## ORDER ON MOTION FOR APPLICATION OF DAMAGE CAP

Miller, J.

    This matter is before me on the Defendant's Motion for Application of Statutory Damage Cap to Compensatory and Punitive Damage Awards (doc no 521). Plaintiff opposes Defendant's analysis regarding which cap should apply. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, I will grant Defendant's motion in part and deny it in part.

    Because of confusion early in this litigation about the identity of the proper defendant, trial was bifurcated. An initial trial was held in January 2006 on the issue of whether defendant Larry H. Miller Group (LHM Group) was a trade name for another entity, and whether it was a Title VII employer and the Plaintiffs' employer. The jury returned a verdict in favor of Plaintiffs. Specifically, the jury found: (1) LHM Group was a trade name under which Landcar Management, Ltd. (Landcar) transacted business in Colorado; (2) LHM Group operated the car dealership with Larry H. Miller Corporation-

Denver (LHM Corp.) as an integrated enterprise; (3) LHM Group employed Plaintiffs at the relevant times; and (4) LHM Group employed at least fifteen or more employees at the relevant time for purposes of Title VII. A trial on the merits of Plaintiffs' employment discrimination claims was held in January 2007. The jury returned verdicts in favor of the Plaintiffs on several of their claims and awarded the following amounts as damages: (1) $75,000 in compensatory damages and $1 million in punitive damages to Plaintiff Pulse; and (2) $100,000 in compensatory damages and $2 million in punitive damages to Plaintiff House.

Such awards, however, are limited as follows by statute:

> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party--
>
> (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
>
> (B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000; and
>
> (C) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000; and

> (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

42 U.S.C. § 1981a(b)(3).

Defendant argues that the term "current or preceding calendar year" means the year of the judgment, not the year in which the discriminatory acts occurred. Defendant further argues that the number of employees for the purposes of the cap should include the employees at Landcar, Larry Miller Toyota, and the Used Car Supermarket (the two dealerships operated by Larry Miller Corporation-Denver). In response, Plaintiffs argue that "respondent" for the purposes of determining limitations on damages should include all employees of all related companies owned in whole or in part by the Larry H. Miller Group. Plaintiffs argue that the Larry H. Miller Group has always employed at least 4500 employees and therefore the maximum cap of $300,000 should apply, regardless of the year in which the employees are counted. The parties agree that regardless of the cap applied, the amount of Plaintiffs' compensatory damages should be applied first, with remaining amounts under the cap, if any, allocated to punitive damages.

I first address the issue of the meaning of "current or preceding calendar year" under section 1981a. Defendant urges that I disregard *Vance v. Union Planters Corp.*, 209 F.3d 438 (5th Cir. 2000), the only circuit decision on point at the time that Defendant filed its motion. In *Vance*, the Fifth Circuit held that "current or preceding" year refers to the year in which the alleged discrimination occurred, in part because "current year" for the purposes of 42 U.S.C. § 2000e(b) (determining whether an

3

employer is covered by Title VII) has been so interpreted. 209 F.3d at 446. In addition, the court in *Vance* noted that policy reasons supported this interpretation, in that it would discourage an employer from restructuring during the pendency of trial proceedings in order to minimize loss. *Id.*

I agree with Defendant that the second reason given by the *Vance* court is not compelling. However, another circuit court recently has arrived at the same ultimate conclusion–i.e., that the number of employees for determining the appropriate damages cap should be calculated using the year that the unlawful conduct occurred. *See Depaoli v. Vacation Sales Assoc., LLC*, 489 F.3d 615, 622 (4th Cir. 2007). The court in *Depaoli* noted that using the interpretation urged by Defendant could have absurd results in a situation where an employer had over 15 employees at the time of the alleged discrimination, and was thus covered by Title VII, but fewer than 15 employees at the time of judgment. *Id.* at 621. Since section 1981a provides no damages caps for employers with fewer than 15 employees, such an employer would be subjected to uncapped damages. "The possibility of uncapped damages, as will result from [defendant's] interpretation, along with the maxim that 'identical words used in different parts of the same act are intended to have the same meaning' requires that § 1981a(b)(3) be interpreted in light of Title VII's other provisions containing the same language." *Id.* at 622. I find the reasoning of the *Depaoli* decision to be persuasive and therefore conclude that the applicable damages cap is to be determined from the number of employees employed by Defendant at the time that the discriminatory acts found by the jury occurred.

I also agree with Defendant that "respondent" here means the integrated enterprise consisting of Landcar and Larry H. Miller Corporation-Denver, as was determined by the jury in the first trial. Plaintiffs assert that all of Defendant's dealerships should be considered an integrated enterprise for the purposes of determining the applicable damages cap. However, the identity of the employer in this matter was already definitively established after extensive litigation and a trial to a jury, and Plaintiffs have offered no legal basis for concluding that the "respondent" in section 1981a(b)(3) should be different. *See Parrish v. Sollecito*, 280 F. Supp. 2d 145, 155 (S.D.N.Y. 2003) (rejecting the plaintiff's post-trial argument that all nine dealerships owned by the defendant should be considered in determining which cap to apply, rather than the two entities that employed her).

Defendant has presented unrebutted affidavit testimony that in 2000 and 2001, the combined number of employees employed at Landcar, Larry Miller Toyota, and the Used Car Supermarket was more than 100 and less than 200. Accordingly, combined compensatory and punitive damages for each Plaintiff are limited to $100,000. The parties agree that the $100,000 should be first allocated to compensatory damages.

Accordingly, it is ordered:

1. Defendant's Motion for Application of Statutory Damage Cap to Compensatory and Punitive Damage Awards (doc no 521) is granted in part and denied in part. The combined damage award is limited to $100,000 for each Plaintiff, to be allocated as follows:

    a. Plaintiff Pulse: $75,000 in compensatory and $25,000 in punitive

damages;

b.  Plaintiff House: $100,000 in compensatory damages and no punitive damages.

DATED at Denver, Colorado, on March 25, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge